Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444 Fax: (310) 878-8304

☐ *Individual appearing without attorney*
☒ *Attorney for:* Rancho Cielo Estates, LTD

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

RANCHO CIELO ESTATES, LTD., a California corporation, Chapter 11 Debtor and Debtor-In-Possession.

Debtor(s).

CASE NO.: 2:20-bk-12306-BB

CHAPTER: 11

## NOTICE OF MOTION FOR:

DEBTOR'S MOTION TO APPROVE COMPROMISE WITH CALIFORNIA WEST COMMUNITIES, LLC [FRBP 9019]

**(*Specify name of Motion*)**

DATE: 08/26/2026
TIME: 10:00 am
COURTROOM: 1539
PLACE: 255 E. Temple St., LA CA
[Hearing conducted remotely, using ZoomGov]

1. TO (*specify name*): Honorable Sheri Bluebond and to All Parties on the Annexed Service List:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 08/04/2026

JEFFREY S. SHINBROT, APLC
Printed name of law firm

Signature

Jeffrey S. Shinbrot, Esquire
Printed name of attorney

Jeffrey S. Shinbrot, Esquire (SBN 155486)
JEFFREY S. SHINBROT, A Professional Law Corporation
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Attorneys for Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>RANCHO CIELO ESTATES, LTD<br><br>Chapter 11 Debtor and Debtor-in-possession. | Bankruptcy Case No.: 2:20-bk-12306-BB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO APPROVE COMPROMISE WITH CALIFORNIA WEST COMMUNITIES, LLC [FRBP 9019]**<br><br>[Hearing Date/Time/Place]<br><br>Date: August 26, 2026<br>Time: 10:00a.m.<br>Place: Courtroom 1539<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>[Hearing conducted remotely, using ZoomGov video and audio] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE AND TO ALL PARTIES ON THE ANNEXED LIST: COMES NOW,** RANCHO CIELO ESTATES, LTD., ("RCE" or the "Debtor"), and hereby moves the Court for an Order authorizing the Debtor to compromise its controversy and approve its settlement agreement with California West Communities, LLC.

schedules, statements, chapter 11 plan and other documents and pleadings previously filed in this case. In summary, the Debtor seek approval of its agreement pay $60,000 to California West Communities, LLC on account of its proof of claim in the amount of $249,784.50, in exchange for mutual releases of all claims.

**PLEASE TAKE FURTHER NOTICE** that if you do not oppose the Motion, then you need take no further action. However, if you object to the Motion, pursuant to Local Bankruptcy Rule 9013-1, any opposition must be filed with the Court no later than fourteen (14) days prior to the date of the hearing on this Motion. You must file your opposition with the Clerk of the United States Bankruptcy Court. You must also serve a copy of your opposition upon Jeffrey S. Shinbrot no later than fourteen (14) days prior to the date of the hearing on the Motion at the mailing address indicated in the upper left corner of the first page of this Motion, and upon the Office of the United States Trustee at 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017. Any failure to timely file and serve an opposition may result in a waiver of any such opposition and the Court may enter an order granting the Motion without further notice.

**WHEREFORE,** Rancho Cielo Estates, Ltd., requests that the Court enter an order authorizing it to enter into its Settlement Agreement with California West Communities, LLC, and to execute any and all documents necessary to consummate the settlement.

Respectfully submitted,

Dated: 8/4/2026 JEFFREY S. SHINBROT, APLC

By: /s/Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, Attorney for
Chapter 11 Reorganized Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND KEY FACTS.

The Debtor was the developer of a real estate project that was originally approved in the mid 1980's as a 525-lot residential subdivision in the County of San Diego. However, the site consisted of significantly difficult terrain and site conditions, which over the years led to very high development costs. On February 29, 2020 ("Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), which, among other things, commenced case number 2:20-bk-12306-BB. (ECF Dkt. No. 1). On November 10, 2022, the Bankruptcy Court entered its Order confirming the Debtor's chapter 11 plan. (ECF Dkt. No. 242); the effective date of the Plan occurred on December 22, 2025, when the Debtor closed the sale of its remaining lots to AVANTI ACQUISITION COMPANY, LLC ("Avanti").

On July 8, 2020, California West Communities, LLC ("CalWest"), filed its unsecured proof of claim in the Debtors' case in the amount of $223,233.00 (designated claim 9-1). On September 15, 2020 CalWest filed its amended unsecured proof of claim in the Debtors' case in the amount of $249,784.50 (the "Amended Claim", designated claim 9-2). CalWest's claim is based on a pre-Petition purchase agreement with the Debtor which required the Debtor to be responsible for certain warranty work. The agreement is annexed to claim 9-1 and includes a prevailing party attorney fee award provision. The Debtor and CalWest, through counsel have conducted extensive settlement negotiations and have agreed, subject to Bankruptcy Court approval, that the Debtor would disburse $60,000 on account of the Amended Claim in exchange for mutual general releases.

## II. THE SETTLEMENT IS IN THE BEST INTEREST OF CREDITORS AND SHOULD BE APPROVED.

The settlement agreement ("Settlement Agreement") between the Debtor and CalWest is annexed hereto as Exhibit 1 and is summarized as follows:

1. The Debtor shall disburse the sum of $60,000 to CalWest.

2. The Debtor and CalWest shall mutually, generally release each other.
3. CalWest shall withdraw its proofs of claims that it has filed in the Debtor's bankruptcy case.
4. The agreement is subject to bankruptcy court approval.

The Ninth Circuit has recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). In approving a compromise, a bankruptcy court must find that the compromise is fair and equitable and that the negotiations between the parties were conducted in good faith. *Id.* Furthermore, "[w]hile the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankruptcy estate." *Id.*, at 1382. Factors to be considered in evaluating the propriety of a settlement include: (1) "the probability of success in the litigation;" (2) "the difficulties, if any, to be encountered in the matter of collection;" (3) "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attend it;" (4) "the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re Pacific Gas and Elec. Co.*, 304 B.R. at 417 (*citing In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). The Settlement Agreement is fair and equitable, was negotiated in good faith and is in the best interest of the remaining creditors of the Debtor. The Settlement Agreement meets the requirements of the law of our Circuit as follows:

1. <u>Probabilities of Success</u>: The claim is based on a pre-Petition sale agreement and requires interpretation of certain contractual terms and the amounts that may be due under the agreement. Based on the Debtor's investigation it believes that some on the amounts claimed may not be allowable, but ultimately this would require a judicial interpretation of the underlying contract and timing of the warranty work.

2. <u>The difficulties, if any, to be encountered in the matter of collection</u>. Collections is not an issue in this matter.

///

3. The complexity, expense and inconvenience of the litigation. The Debtor does not believe that the litigation is particularly complex, but believes that there will be significant expenses attendant with motions and an evidentiary hearing with testimony from the contracting parties. As the Debtor is in the process of attempting to liquidate its claims and make plan payments, the expense and inconvenience would delay payment of creditors.

4. The paramount interest of the creditors. The best interests of creditors are furthered by the Settlement Agreement. The Debtor has approximately $420,000 of unencumbered cash on hand. Other than CalWest and Cielo HOA (Cielo was paid its secured claim on the close of the Avanti sale and has until September 25, 2026 to file a motion related to its potential claims), the Debtor has $1,936.44 in priority claims, approximately $355,000 in general unsecured claims, of which the Rancho Santa Fe Fire Protection District's $265,340 claim is subject to reduction for monies received from the County of San Diego and an attorney fee claim in the amount of $52,877.57, some of which may be subject to a statute of limitations defense. In other words, the payment of $60,000 now, on account of the Amended Claim in the amount of $249,784.50, stops any further litigation costs and leaves significant funds for distribution to creditors. Importantly, the agreement eliminates the risk of a prevailing party attorney award against the Debtor which could potentially significantly reduce funds for distribution to unsecured creditors. The Settlement Agreement is therefore clearly in the best interest of creditor and should be approved.

## V. CONCLUSION

The Debtor respectfully requests that the Court approve the Motion and enter an order authorizing the Debtor to enter into the Settlement Agreement and to execute any and all documents necessary to consummate the Settlement Agreement.

Respectfully submitted, August 4, 2026.

JEFFREY S. SHINBROT, APLC

/s/Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, Esquire

**DECLARATION OF RONALD MATSUISHI**

I, Ronald Matsuishi, hereby declare and state as follows:

1. I am over the age of eighteen and I am the president of Rancho Cielo Estates, LTD, limited liability company ("RCE" or the "Debtor"). As to the following facts, I know them of my own personal knowledge, except where stated on information and belief, and if called as a witness, I could and would testify as set forth herein. I am one of the custodians of the books and records of the Debtor and I have gained knowledge of such records which were made at or about the time of the events recorded, and which were maintained in the ordinary course of the Debtor's business at or near the time of such acts, conditions or events to which they relate, any such document was prepared in the ordinary course of the business of the Debtor by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

**Background of the Debtor**

2. I am informed and I believe that Rancho Cielo Estates, Ltd. was the developer of a real estate project that was originally approved in the mid 1980's as a 525-lot residential subdivision in the County of San Diego. However, the site consisted of significantly difficult terrain and site conditions, which over the years led to very high development costs.

3. On February 29, 2020 ("Petition Date"), the Debtor filed its voluntary petition in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), which, among other things, commenced case number 2:20-bk-12306-BB. (ECF Dkt. No. 1). On November 10, 2022, the Bankruptcy Court entered its Order confirming the Debtor's chapter 11 plan. (ECF Dkt. No. 242); the effective date of the Plan occurred on December 22, 2025, when the Debtor closed the sale of its remaining lots to AVANTI ACQUISITION COMPANY, LLC ("Avanti").

///

///

///

**The California West Communities Proof of Claim and Proposed Compromise**

4. As set forth in the record of the Debtor's case, I am informed and I believe that on July 8, 2020, California West Communities, LLC ("CalWest"), filed its unsecured proof of claim in the Debtors' case in the amount of $223,233.00 (designated claim 9-1). On September 15, 2020 CalWest filed its amended unsecured proof of claim in the Debtors' case in the amount of $249,784.50 (the "Amended Claim", designated claim 9-2).

5. CalWest's claim is based on a pre-Petition purchase agreement with the Debtor which required the Debtor to be responsible for certain warranty work. The agreement contains a prevailing party attorney fee provision. The Debtor and CalWest, through counsel have conducted extensive settlement negotiations and have agreed, subject to Bankruptcy Court approval, that the Debtor would disburse $60,000 on account of the Amended Claim in exchange for mutual general releases.

6. The Debtor has approximately $420,000 of unencumbered cash on hand. Other than CalWest and Cielo HOA (I am informed and believe that Cielo was paid its secured claim on the close of the Avanti sale and has until September 25, 2026 to file a motion related to its potential claims), the Debtor has $1,936.44 in priority claims, approximately $355,000 in general unsecured claims, of which I am informed and I believe the Rancho Santa Fe Fire Protection District's $265,340 claim is subject to reduction for monies received from the County of San Diego and an attorney fee claim in the amount of $52,877.57, some of which may be subject to a statute of limitations defense.

7. In other words, the payment of $60,000 now, on account of the Amended Claim in the amount of $249,784.50, stops any further litigation costs and leaves significant funds for distribution to creditors. Importantly, the agreement eliminates the risk of a prevailing party attorney award against the Debtor which could potentially significantly reduce funds for distribution to creditors.

///

///

///

8. Based on the foregoing, I am informed and I believe that the Settlement Agreement is in the best interest of creditors and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2026.

Ronald Matsuishi

Mr. Ronald Matsuishi

EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Rancho Cielo Estates, LTD, the Reorganized Chapter 11 Debtor (the "Debtor") and California West Communities, LLC ("CalWest"). The Debtor and CalWest are collectively referred to as the "Parties."

## RECITALS

A. On February 29, 2020 ("Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") for relief under chapter 11, title 11 of the United States Code, which, among other things, commenced case number 2:20-bk-12306-BB.

B. On July 8, 2020, CalWest filed an unsecured proof of claim in the Debtor's bankruptcy case in the amount of $223,233.00, which bears claim number 9-1.

C. On September 15, 2020, CalWest filed its amended unsecured proof of claim in the Debtor's bankruptcy case in the amount of $249,784.50, which bears claim 9-2.

D. On October 25, 2021, the Debtor filed amended list of creditors, listing CalWest as a disputed claim.

E. On November 10, 2022, the Bankruptcy Court entered its Order confirming the Debtor's chapter 11 plan.

F. The Effective Date of the Debtor's chapter 11 plan was December 22, 2025.

G. Following good faith negotiations, Debtor and CalWest desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation, without admissions as the claims asserted in the Case.

## AGREEMENT

**NOW THEREFORE,** pursuant to the foregoing Recitals, which the Parties agree to be true for the purposes of this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER

**1.1 Effective Date.** This Agreement shall become effective and binding the first business day ("Effective Date") after entry by the Bankruptcy Court of a Final Order approving this Agreement and authorizing Trustee to enter into this Agreement. "Final Order" means an order of the Bankruptcy Court entered on the docket: (i) that has not been reversed, rescinded, stayed, modified, or amended; (ii) that is in full force and effect; and (iii) with respect to which:

(a) fourteen (14) days has expired and no timely filed appeal is pending; or (b) any such appeal has been dismissed or resolved by the highest court to which the order was appealed.

**1.2** **Court Approval.** This Settlement Agreement is subject to Bankruptcy Court approval. After this Agreement is executed by both Parties, counsel for Debtor shall promptly file a motion seeking entry of an order by the Court approving the Agreement pursuant to Bankruptcy Rule 9019. If the Court denies entry of an order approving the Agreement, this Agreement shall be null and void.

**ARTICLE 2**
**TERMS OF THE SETTLEMENT**

**2.1** **Settlement Payment.** In consideration for the waivers and releases in this Agreement, the Debtor shall pay the sum of $60,000 (the "Settlement Payment") to CalWest no later than five (5) business days after the Effective Date. The Settlement Payment shall be made payable to the "Randall Coffee Humphrey LLP Client Trust Account."

**2.2** **Withdrawal of Claims.** Upon receipt of the Settlement Payment CalWest shall promptly file a withdrawal of the proofs of claims that it has filed in the Debtor's bankruptcy case.

**ARTICLE 3**
**RELEASE OF CLAIMS**

**3.1** **General Mutual Releases.** Except for the obligations set forth in this Agreement, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, each Party, on behalf of such Party and his, her, or its past, present, and future trustees, heirs, assigns, successors, and agents releases and forever discharges the other Party and the other Party's past and present guarantors, sureties, trustees, heirs, assigns, successors, attorneys and agents from any and all liability, demands, causes of action, or responsibility of any kind for claims whether known or unknown, whether or not known to exist, whether or not suspected or claimed, (collectively referred to as "Claims"), which each Party has against the other Party as of the Effective Date, including any and all claims of any nature that were made or could have been made by CalWest in the Debtor's chapter 11 case

**3.2** Except as provided for herein, the Parties expressly waive any and all rights and benefits conferred upon them by the provisions of California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**3.3** The Parties acknowledge that they are familiar with § 1542 and that they waive and relinquish all rights arising thereunder. The Parties also expressly waive any and all rights and benefits conferred upon them by any statutory or common law providing that a general release does not extend to unknown claims.

## ARTICLE 4
## ADDITIONAL REPRESENTATIONS AND WARRANTIES

**4.1** **Capacity to Enter Into the Agreement.** CalWest states, certifies, warrants, and represents to Trustee that they have the right, power, capacity, and authority to enter into this Agreement, to fully perform their obligations under this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which CalWest is bound. The Debtor upon entry of a Final Order approving this Agreement, states, certifies, warrants, and represents that it has the right, power, capacity, and authority to enter into this Agreement.

**4.2** **Representation by Legal Counsel.** The Parties represent that they each obtained the advice of legal counsel of their choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were afforded a reasonable time to seek such legal counsel.

**4.3** **Survival.** This Agreement and each statement, certification, representation, warranty, disclosure, disclaimer, waiver, duty, obligation, promise, covenant, agreement, term, condition and provision set forth in this Agreement will survive the consummation of all terms and conditions of this Agreement.

## ARTICLE 5
## GENERAL PROVISIONS

**5.1** **Further Assurances.** The Parties agree that they will execute any and all additional documents and take all additional steps which may be reasonably necessary to consummate the Agreement.

**5.2** **Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersedes all prior or contemporary understandings or agreements. No supplement, modification, waiver, or termination shall be binding or enforceable unless executed in writing by the Parties to be bound thereby. No waiver of any provision of this Agreement shall be deemed a waiver of any of its other terms nor shall such waiver constitute a continuing waiver.

**5.3** **Severability.** In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then

the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

**5.4** **Attorneys' Fees.** Each party shall bear its own attorneys' fees and costs in connection with this matter and this Agreement.

**5.5** **Governing Law and Jurisdiction.** This Agreement shall be interpreted and governed by the law of the State of California. In the event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California, Los Angeles Division shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.6** **Modification.** The Agreement shall not be modified by any Party by oral representation made before or after the execution of the Agreement. All modifications must be in writing and signed by all Parties. Material modifications to this Agreement must additionally be approved by the Bankruptcy Court or are ineffective.

**5.7** **Interpretation.** This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter. Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsman.

**5.8** **Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts, which shall together constitute one document. A facsimile or electronic signature shall constitute an original signature. When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

**5.9** **Meaning of Pronouns and Effect of Headings.** As used in this Agreement, the masculine, feminine and/or gender neutral, and the singular or plural form shall include the other gender or form when appropriate. The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit, or otherwise affect the meaning of this Agreement.

**5.10** **No Assignment.** Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment, of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

///

///

///

///

///

RANCHO CIELO ESTATES, LTD.

DATED: JULY 28, 2026

Ronald Matsuishi
By: Ronald Matsuishi, president,
Rancho Cielo Estates, LTD.

CALIFORNIA WEST COMMUNITIES, LLC

DATED: July 28, 2026

By: Matthew Thorne, managing member

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify)* **NOTICE OF MOTION FOR: DEBTOR'S MOTION TO APPROVE COMPROMISE WITH CALIFORNIA WEST COMMUNITIES, LLC:** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below

**X 1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/4/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael D Breslauer mbreslauer@swsslaw.com, sdurazo@swsslaw.com
Maria Cho Maria.Cho@faegredrinker.com
William D Coffee bcoffee@sr-firm.com, liwata@sr-firm.com
Laura E. Dolan laura.dolan@sdcounty.ca.gov,
odette.ortega@sdcounty.ca.gov;kristen.howard@sdcounty.ca.gov
Joseph R Dunn jdunn@cov.com, docketing@cov.com
Bernard M Hansen bernardmhansen@sbcglobal.net
Matthew T Plaxton matt@tinnellylaw.com
David Samuel Shevitz David.S.Shevitz@usdoj.gov
Jeffrey S Shinbrot jeffrey@shinbrotfirm.com,
sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 8/4/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is file.

service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8/4/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

8/4/2026 Sandra Rodriguez /s/Sandra Rodriguez

NEF:
Sidra Marshall
Attn BK Desk
1600 Pacific Hwy
Rm 162
San Diego, CA 9210

California West Communitites, LLC
William D. Coffee, Esquire
3200 Park Center Drive # 950
Costa Mesa, CA 92626-7219

Employment Development Department
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

American Express Travel Related Services Com Inc.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Cox, Castle & Nicholson, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007

Express Network
1605 Olympic Boulevard, Ste 800
Los Angeles, CA 90015

McGrath Consulting, Inc.
P.O. Box 2488
El Cajon, CA 92021-048
Netfinity Interactive, Inc.
823 Anchorage Place
Chula Vista, CA 91914-4534

Olivenhain Municipal Water District
1966 Olivenhain Rd
Encinitas, CA 92024

San Diego County Treasurer
P.O. Box 129009

San Diego, CA 92112-9009

Rancho Santa Fe Fire Prot. Dist.
c/o Fitch Law Firm, APC
3465 Camino Del Rio South, Ste. 250
San Diego, CA 92108-3900

Cielo Homeowners Association
c/o Alterra Assessment Recovery LLC
27101 Puerta Real Suite 250
Mission Viejo, CA 9269

San Diego County-PDS-DPW
5510 Overland Avenue Suite 410
San Diego, CA 92123-1239

San Diego Gas & Electric
P.O. Box 25111
Santa Ana, CA 92799

State Water Resources Control Board
P.O. Box 1888
Sacramento, CA 95812-1888

O'Connell Landscape Maintenance
23091 Arroyo Vista
Rancho Santa Margarita, CA 92688-2612